PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Fl.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward, Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable, Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br> v. <br><br> JAMES D. DONDERO, <br><br> Defendant. | Adv. Proc. No. 21-03003-sgj <br><br> Civil Case No. 3:21-CV-01010-E |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

**PLAINTIFF'S REPLY TO DEFENDANT'S LIMITED OBJECTION TO REPORT AND RECOMMENDATION OF THE BANKRUPTCY COURT RELATING TO DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE**

Highland Capital Management, L.P., the above-captioned Plaintiff (the "Debtor"), by and through its undersigned counsel, hereby files this reply (this "Reply") to the *Limited Objection of James Dondero to Report and Recommendation to District Court on the Motion to Withdraw the Reference* [Docket No. 3 in Civil Case No. 3:21-CV-01010-E[2]] (the "Objection") filed by Defendant James D. Dondero ("Mr. Dondero" or "Defendant").  For the reasons set forth herein, the Objection should be overruled by the District Court, and the Report and Recommendation of the Bankruptcy Court [Docket No. 2] (the "Report") should be adopted by the District Court.

In support hereof, the Debtor represents as follows:

I.   **PRELIMINARY STATEMENT**

1.   By the Objection, Mr. Dondero[3] yet again tries to reargue his disputes with the Debtor, thereby needlessly creating more delay and adding more expense for the Debtor's estate. Mr. Dondero filed a motion to withdraw the reference, and he and the Debtor fully briefed and argued the relevant issues before the Bankruptcy Court, which court then issued its Report to the District Court.  This matter is now before the District Court for determination.  However, Mr. Dondero cannot help himself in his campaign to continually harass the Debtor, and basically rehashes prior arguments considered and addressed by the Bankruptcy Court in the Report.

2.   Ironically, the Bankruptcy Court ***granted*** the substantive portion of the Mr. Dondero's motion--recommending that the District Court finally determine the merits of underlying claims—while retaining jurisdiction over pre-trial matters, including issuing any

---

[2] Unless otherwise noted, all references herein to docket numbers are to the docket of Civil Case No. 3:21-CV-01010-E.

[3] Mr. Dondero is the former principal of the Debtor from its inception until his resignation in January 2020 and ultimate ouster by the Debtor in October 2020.

reports or recommendations concerning any dispositive motions, a common practice in resolving motions to withdraw the reference.

3. Indeed, in two other adversary proceedings involving Dondero-affiliated entities, the respective reports and recommendations issued by Judge Jernigan involving nearly identical arguments were recently adopted by the District Court (Judges Cummings and Godbey, respectively). In both actions, the Bankruptcy Court will handle pre-trial matters. *See Order Adopting Bankruptcy Court Report and Recommendation*, Docket No. 5 in *Highland Capital Mgmt. LP, et al. v. Highland Capital Management Services, Inc.*, Civil Case No. 3:21-CV-01378-N (Judge Godbey); *Order Adopting Bankruptcy Court Report and Recommendation*, Docket No. 10 in *Highland Capital Mgmt. LP, et al. v. NexPoint Advisors LP*, Civil Case No. 3:21-CV-00880-C (Judge Cummings).

4. Notably, Mr. Dondero cites no legal predicate for even submitting the Objection for the District Court's consideration. Without any basis in statute, the Bankruptcy Rules, or otherwise,[4] Mr. Dondero wants yet another opportunity to object, forcing the Debtor to, among other things, bear the costs of responding and divert estate resources and attention. The District Court should disregard the Objection in its entirety on that basis alone.

5. With respect to his request to have the reference to the Bankruptcy Court withdrawn for all pre-trial matters, Mr. Dondero adds one new argument – that the Bankruptcy Court is biased towards Mr. Dondero. Mr. Dondero made no substantive argument on this point in his motion to withdraw the reference [Docket No. 21 in Adv. No. 21-03003-sgj] (the "<u>Withdrawal Motion</u>") or in his reply in support of the Withdrawal Motion [Docket No. 44 in Adv. No. 21-03003-sgj] (the

---

[4] The Report contains no provision allowing for further briefing or objections.

"Withdrawal Reply").[5] Consequently, the Debtor did not address this issue in its objection to the Motion [Docket Nos. 30 & 31 in Adv. No. 21-03003-sgj].

6. The District Court should not consider Mr. Dondero's newly asserted bias argument on the ground that it is procedurally improper. But even if the District Court reviewed this argument, it is of no consequence. As explained in the Recusal Brief (defined below), Mr. Dondero's claims of bias or prejudice by the Bankruptcy Court are groundless.

7. Although the Bankruptcy Court rejected certain of the Debtor's positions, the Debtor urges the District Court to adopt the Report. The underlying action is a garden-variety collection action in which the Debtor seeks to recover on unambiguous demand notes. The Debtor seeks a prompt resolution of this matter, and, based on the circumstances, believes the Bankruptcy Court's recommendation that the Bankruptcy Court retain and handle all pre-trial matters (including any summary judgment or other potentially dispositive, pre-trial motions, provided that the Bankruptcy Court will submit a report and recommendation to the District Court as to such motions) is well-supported and appropriate.

## II.  MR. DONDERO REPEATS ARGUMENTS THAT WERE JUSTIFIABLY REJECTED BY THE BANKRUPTCY COURT

8. Two of the primary arguments made by Mr. Dondero in his pre-Report briefing that were rejected by the Bankruptcy Court are repeated in the Objection. As before, such arguments should be rejected as unjustified.

### A.  Mr. Dondero Has Again Failed To Provide Any Meaningful Specificity On Why This Matter Is Allegedly A Complex Tax Law Matter

---

[5] Mr. Dondero did make passing references to Judge Jernigan's alleged "dislike" and "mistrust" of Mr. Dondero and referred to the Recusal Motion in footnote 1.

9. In the Objection, Mr. Dondero again argues that withdrawal of the reference is mandatory because the action will allegedly entail substantial consideration of federal tax law.[6] However, as properly reasoned by the Bankruptcy Court, "[t]he bankruptcy court routinely considers tax law issues and, here, Dondero-Defendant has provided no meaningful explanation of the alleged materiality, complexity, and relevance of federal tax law issues to the Adversary Proceeding." (Report at 8.)

10. In the Objection, Mr. Dondero cites one tax court case and one IRC provision in the Objection to no avail.

11. First, Mr. Dondero argues that here: "the fact-finder will ultimately need to hear fact and expert testimony about how loans are used as a deferred compensation device and how those devices are structured. Such analysis requires the Court to determine the particulars and nuances of the Notes, the circumstances and testimony regarding the creation of the Notes, testimony on the conditions subsequent and financial benchmarks resulting in the Notes becoming compensation, whether those conditions subsequent were met, how the funds from the Notes were ultimately treated, and by whom." Objection at 10 (*citing Salloum v. Comm'r of Internal Revenue*, 113 T.C.M. (CCH) 1563 (T.C. 2017))."[7] However, none of the foregoing examples of judicial tasks described by Mr. Dondero appear to center on federal tax law. Instead, Mr. Dondero's

---

[6] The undisputed evidence will show that Mr. Dondero needed to (a) amend his Answer, (b) amend his interrogatories, and (c) give a deposition before the contours of his affirmative defense were finalized. In his final version, Mr. Dondero contends that he and his sister (purportedly acting on behalf of the Debtor) entered into an oral agreement (that was never memorialized in a writing and that was not disclosed to the Debtor's Chief Financial Officer or outside auditors) pursuant to which millions of dollars of loans evidenced by the demands notes would be forgiven if either (i) Mr. Dondero sold one of three assets at $1 above cost or (ii) someone else sold those assets. The purported "tax" issue is that Mr. Dondero gave himself the loans at times and in amounts he determined, ostensibly to enable him to cover his personal tax liabilities.

[7] *Salloum* was a relatively straightforward case, with no notably complex tax law issue presented. *See also In re Robertson*, 576 B.R. 684, 712 (Bankr. N.D. Ga. 2017) (bankruptcy court discussed issue of how the court's analysis of whether a transfer constituted a loan is a question of fact that depends on numerous factors, and explained the factors set forth in *Salloum*).

4

examples focus on the parties' intent, including potentially consideration of market circumstances and compensation practices, and whether the parties' actions comported with such intent, and the common judicial tasks of hearing and weighing expert and other testimony and reviewing related documents.[8]

12. Second, the federal tax law cited in the Objection by Mr. Dondero – Internal Revenue Code sec. 61(a)(11) – is the IRC's definition of gross income which includes income from the discharge of indebtedness. Mr. Dondero's citation to this statute and conclusory statements that federal tax laws and concepts will have to be substantially considered by the reviewing court are not enough to justify rejecting the Report – particularly since this Court will make any final determination on the merits of Mr. Dondero's defense.

13. Mr. Dondero has again failed to provide any specificity on why this matter is allegedly a particularly complex tax law matter. To the contrary, the little additional tax related discussion by Mr. Dondero in his Objection, as well as the purported expert reports procured by Mr. Dondero,[9] actually militate in favor of the Bankruptcy Court hearing such matters and performing such judicial tasks in this action.

14. Mr. Dondero presents nothing new in the Objection that supports the argument that any tax related issues involved in the action are beyond the skills of the Bankruptcy Court, particularly on a pre-trial basis.

### B. Mr. Dondero's Again-Asserted Judicial Economy Argument Has The Situation Backwards: Having The Bankruptcy Court Address All Pre-Trial Matters Will Foster Judicial Economy

---

[8] Mr. Dondero, in insulting fashion to the Bankruptcy Court, warns that an erroneous decision by the reviewing court will have adverse effects on the market: "Placing perceived roadblocks to the use of a compensation method that is common in the financial services industry would have an adverse impact on competition for top level professionals in the industry." (Objection at 10).

[9] The Debtor reserves all rights with respect to Mr. Dondero's alleged expert reports. To the extent that the Court were to consider such reports in this matter, nothing in the reports suggest overly complex tax law issues.

15. Mr. Dondero's other main argument in the Objection is that judicial economy calls for immediate withdrawal of the action, notably because of the potential filing of summary judgment motions that, Mr. Dondero contends, cannot be resolved by the Bankruptcy Court. (Objection at 4-5).

16. What Mr. Dondero fails to discuss when stating that the Bankruptcy Court would only be able to submit to the District Court proposed findings on certain matters, is that the Bankruptcy Court, having dealt extensively with the litigants in this action, as well as in related and other bankruptcy case matters since Judge Jernigan began presiding over the Debtor's chapter 11 case in late 2019, would also provide to the District Court an appropriate fully developed record and a detailed report of findings and recommendations, facilitating the District Court's review and decisions in the adversary proceeding. Given the patent judicial economy and judicial efficiency benefits, it is the Debtor's counsel's understanding that, in similar situations, having the Bankruptcy Court handle pre-trial matters including summary judgment motions and other potentially dispositive motions is common practice in this District. *See, e.g.*, *Order Adopting Bankruptcy Court Report and Recommendation*, Docket No. 5 in *Highland Capital Mgmt. LP, et al. v. Highland Capital Management Services, Inc.*, Civil Case No. 3:21-CV-01378-N (Judge Godbey); *Order Adopting Bankruptcy Court Report and Recommendation*, Docket No. 10 in *Highland Capital Mgmt. LP, et al. v. NexPoint Advisors LP*, Civil Case No. 3:21-CV-00880-C (Judge Cummings). *See also City Bank v. Compass Bank*, 2011 U.S. Dist. LEXIS 129654, at *14 (W.D. Tex. Nov. 9, 2011) ("efficiency concerns counsel in favor of allowing this claim to proceed in bankruptcy court, and only withdrawing the referral if a jury trial becomes necessary"); *In re Blake*, 400 B.R. 200, 207 (Bankr. S.D. Tex. 2008) ("The right to a jury trial does not preclude a bankruptcy court from resolving pre-trial dispositive motions. A right to a jury trial does not arise

until jury issues are presented" (numerous Fifth Circuit citations omitted)); *Schott v. Massengale*, 2020 U.S. Dist. LEXIS 113810, at *18 (M.D. La. June 30, 2020) ("[T]he Court finds that withdrawing only the trial portion, leaving the remainder of the case to be handled by the bankruptcy court is the more pragmatic option for efficient case administration. In addition, it decreases the risk of forum shopping, while protecting the right to a jury trial in an Article III court if the case proceeds to trial.")

17. This approach, allowing the Bankruptcy Court to handle all discovery and other pre-trial matters, will further the important goals of judicial economy, the promotion of uniformity and efficiency in bankruptcy administration, and the mitigation of forum shopping by Mr. Dondero and the delays and costs to the Debtor's estate.

### III. MR. DONDERO'S ALLEGED JUDICIAL BIAS ARGUMENT, WHICH WAS NOT PREVIOUSLY RAISED AS A REASON FOR WITHDRAWAL OF THE REFERENCE IN THIS ACTION, IS BASELESS, AS PROPERLY CONCLUDED BY THE BANKRUPTCY COURT IN DENYING MR. DONDERO'S SEPARATE RECUSAL MOTION

18. In the Objection, Mr. Dondero now alleges that Judge Jernigan is biased against Mr. Dondero such that the District Court should preclude the Bankruptcy Court from adjudicating this matter by withdrawing the reference. (Objection at 6-8) This alleged bias was not asserted in the Withdrawal Motion, and as noted above, there are only a few passing references to Judge Jernigan's alleged "mistrust" of Mr. Dondero in the Withdrawal Reply.

19. Any argument relating to "bias" is entirely irrelevant to the Bankruptcy Court's Report, as such argument was the subject of a separate motion decided by the Bankruptcy Court, [Bankr. Docket Nos. 2061 and 2083] (the "Recusal Motion" and "Recusal Order," respectively), and is subject to a pending appeal before the District Court (the "Recusal Appeal"), Case No. 3:21-CV-00879-K. [D. Ct. Docket Nos. 16 and 20] ("Appellants' Brief" and "Debtor's Response").

7

20.     Mr. Dondero's reliance on *Cooley v. Foti*, No. CIV.A. 86-3704, 1988 WL 10166, 1988 U.S. Dist. LEXIS 1131 (E.D. La. Feb. 5, 1988) is equally inappropriate.  There, the court found that "extraordinary circumstances" warranted withdrawal of the reference of a magistrate judge, pursuant to 28 U.S.C. § 636, where the evidence showed "a degree of anger so pervasive as to amount to personal bias." *Id.* at *5.  Here, there has been no evidence of the Bankruptcy Court's bias against Mr. Dondero.  *See* Recusal Order.  Any arguments relating to "bias" are, therefore, frivolous and should be summarily rejected by the Court.

21.     In sum, the District Court should reject Mr. Dondero's last minute argument in this adversary proceeding as another improper, unjustified attempt to relitigate rulings unfavorable to Mr. Dondero.

## IV.   CONCLUSION

For the reasons set forth herein, the Debtor respectfully requests that the Court (i) overrule Mr. Dondero's Objection; (ii) adopt the Bankruptcy Court's findings and recommendations in the Report; and (iii) grant such other and further relief as the Court deems just and proper.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

| | |
|---|---|
| Dated: August 4, 2021. | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>Jeffrey N. Pomerantz (CA Bar No.143717)<br>Ira D. Kharasch (CA Bar No. 109084)<br>John A. Morris (NY Bar No. 266326)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA  90067<br>Telephone: (310) 277-6910<br>Facsimile:  (310) 201-0760<br>Email:       jpomerantz@pszjlaw.com<br>                   ikharasch@pszjlaw.com<br>                   jmorris@pszjlaw.com<br>                   gdemo@pszjlaw.com<br>                   hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |

9