<div style="columns:2">

Clay M. Taylor
Bryan C. Assink
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com

**Attorneys for James Dondero**

Daniel P. Elms
State Bar No. 24002049
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
(214) 665-3600 telephone
(214) 665-3601 facsimile
Email: elmsd@gtlaw.com

**Attorneys for Nancy Dondero**

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com

**Attorneys for NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P.**

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**Attorneys for James Dondero, Nancy Dondero, Highland Capital Management Services, Inc. and NexPoint Real Estate Partners, LLC**

Douglas S. Draper (La. Bar No. 5073)
Leslie A. Collins (La. Bar No. 14891)
Greta M. Brouphy (La. Bar No. 26216)
HELLER, DRAPER & HORN, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
(504) 299-3300 telephone
(504) 299-3399 facsimile
Email: ddraper@hellerdraper.com
Email: lcollins@hellerdraper.com
Email: gbrouphy@hellerdraper.com

**Attorneys for The Dugaboy Investment Trust**

</div>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | |
| Plaintiff, | § § | Adv. Proc. No. 21-03003-sgj |
| vs. | § § | Case No. 3:21-cv-01010-E |
| JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § § | |
| Defendants. | § § | |

CORE/3522697.0002/171454542.7

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., <br><br> Defendant. | § § § § § § § § § § § § | Adv. Proc. No. 21-03004-sgj <br><br> Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br> Defendants. | § § § § § § § § § § § § § § § | Adv. Proc. No. 21-03005-sgj <br><br> Case No. 3:21-cv-01378-N <br> (*sic* – actual Case No. 3:21-cv-00880-C) |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br> Defendants. | § § § § § § § § § § § § § § § § | Adv. Proc. No. 21-03006-sgj <br><br> Case No. 3:21-cv-01378-N |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br> Defendants. | § § § § § § § § § § § § § § | Adv. Proc. No. 21-03007-sgj <br><br> Case No. 3:21-cv-01379-X |

**DEFENDANTS' RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF-DEBTOR'S MOTION TO CONSOLIDATE THE NOTE CASES IN CASE NO. 3:21-cv-01010-E [1]**

Defendants[2] hereby file this Memorandum of Law in Opposition to Plaintiff-Debtor's Motion to Consolidate the Note Cases[3] into Case No. 3:21-cv-01010-E and request that the Court deny Plaintiff-Debtor's Motion. Defendants state the following in support:

## I. PRELIMINARY STATEMENT

1. Although some consolidation of the above-captioned cases (the "Note Cases") is warranted and indeed the Parties previously agreed as such, Plaintiff-Debtor's attempt to consolidate the cases into Case No. 3:21-cv-1010 is an improper application of the "first to file" rule and does not promote judicial efficiency in light of the fact that the Honorable Judge Starr has already been assigned two of the five above-captioned cases.[4] Because Judge Starr (i) already presides over the lowest-numbered case in Dallas, (ii) already has been assigned two of the five related Note Cases, and (iii) already presides over at least five other matters arising out of the Case No. 19-34054-sgj11 pending in the United States Bankruptcy Court for the Northern District of Texas (the "Highland Bankruptcy"),[5] judicial efficiency would be best served if Judge Starr presided over all of the Note Cases.[6]

---

[1] Defendants have concurrently filed in all five cases their own Motion to Consolidate, following the practice recommended by the District Court clerk of filing in all cases, with first filed case, captioned first.

[2] As used herein, the term "Defendants" includes all named Defendants in the above-captioned proceedings, unless otherwise specified.

[3] The "Note Cases" are each of the above-captioned cases.

[4] Judge Starr was assigned cases 3:21-cv-00881-X on April 18, 2021, and 3:21-cv-01379-X on June 14, 2021.

[5] These include cases 3:20-cv-03390-X, 3:21-cv-01173-X, 3:21-cv-01295-X, 3:20-cv-01974-X and 3:21-cv-3088.-X.

[6] Defendant Highland Capital Management Fund Advisors, LP ("HCMFA"), however, reserves the right to seek to have its case tried separately because the issues in that case are significantly different. For the purposes of review of any report and recommendations issued by the Bankruptcy Court, HCMFA joins in seeking consolidation of all of the cases before Judge Starr, where its case already pends.

## II.     ARGUMENT

2.      Plaintiff-Debtor filed its Motion to Consolidate the Note Cases in case No. 3:21-cv-01010-E, the third-filed case of the Note Cases.[7] In an effort to pre-sell its story and ignoring the Fifth Circuit rule that motions to consolidate in the District Court should be made to the court presiding over the first-filed case, Plaintiff-Debtor filed 30 pages of briefing coupled with almost 4,000 pages of exhibits in Case 3:21-cv-1010.[8]

3.      There is no great controversy about whether there should be some consolidation here.  In the Fifth Circuit, the first-to-file rule serves to avoid duplicative litigation where multiple cases – even those in the same district but split between several judges – could be combined when they share substantial overlapping issues.  *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citing cases and applying the first to file rule to actions split between different judges in the same district).  Further, "…the general rule [is] that the court in which an action is first filed is the appropriate court to determine whether [and where] subsequently filed cases involving substantially similar issues should proceed." *Id.* at 950 (citing cases).  However, the Plaintiff-Debtor here seeks to inappropriately apply that rule to consolidate the above-captioned cases in the ***third*** court before which one of these substantially overlapping proceedings is pending.[9]

4.      Conspicuously absent from Plaintiff-Debtor's Motion is disclosure of the fact that prior to Plaintiff-Debtor filing its motion, Defendants had already agreed (i) to consolidate the Note Cases for the purposes of review of the Bankruptcy Court's reports and recommendations

---

[7] *See*, Case 3:21-cv-01010-E [Doc. 10], Highland Capital Management, L.P.'s Motion to Consolidate Notes Actions

[8] *Id.*

[9] The Honorable Judge Brown received case 3:21-cv-01010 on May 4, 2021, three weeks after cases 3:21-cv-00880 and 3:21-cv-0880 had been assigned to Judges Cummings and Starr on April 18, 2021.

4

arising from Plaintiff-Debtor's soon-to-be-filed motions for summary judgment, and (ii) to consolidate four of the five cases for trial,[10] keeping separate only one case – 3:21-cv-00881-X – which involves a significantly different defense.[11]

5. As such, 30 pages of briefing detailing Plaintiff-Debtor's spin on the facts of the Note Cases in the guise of justifying consolidation was, at best, a waste of the Court's time, and, at worst, a cynical ploy to get its story out in a way that Defendants would have no opportunity to challenge, unless they too decided to waste the Court's time.

6. Rather than meaningfully participating in a constructive conference regarding the consolidation issues discussed above, Plaintiff-Debtor was unwilling to vary from its course. ***The very same day*** that Defendants responded to Plaintiff-Debtor's request to conference the issue (which request had been made only four business days earlier), Plaintiff-Debtor jumped the line and moved to consolidate the Note Cases in case 3:21-cv-01010-E, making the convoluted argument that because that particular case had the lowest adversary cause number ***in the Bankruptcy Court***, its filing was proper.

7. However, the lowest case numbers of the Note Cases in the District Court are 3:21-cv-00880 and 3:21-cv-00881, both filed ***April 18, 2021***, almost a month before case 3:21-cv-01010. Case 3:21-cv-00880 is before Senior Judge Cummings in Lubbock and case 21-cv-00881 is before Judge Starr, who also presides over another Note case, 21-cv-01378. Because Senior Judge Cummings sits in Lubbock, Defendants proposed consolidation before the next lowest numbered case, i.e., before Judge Starr, who already had two of the cases to be consolidated, cases

---

[10] Appx., Exhibit A, *Declaration of Deborah Deitsch-Perez in Opposition to Motion to Consolidate the Note Cases*, dated December 10, 2021. Defendants previously agreed to consolidate cases 3:21-cv-00880-C, 3:21-cv-01010-E, 3:21-cv-01378-N, and 3:21-cv-01379-X.

[11] *Id*. On December 7, 2021, Defendants suggested to Debtor that it would revisit the issue with HCMFA if that was a sticking point (albeit with no promises made), although suggested that the issue could and should be left to be addressed after the resolution of the summary judgment motions. Debtor's response was to file its motion. *Id*. ¶ 4.

5

3:21-cv-00881 and 3:21-cv-01379, and other cases arising out of the Highland Bankruptcy. Debtor's response was the aforementioned thirty pages of briefing and almost 4,000 pages of exhibits.

8. Because the purpose of the first to file rule is to promote judicial efficiency, Defendants request that Debtor's motion be denied and the Note Cases be consolidated before Judge Starr, who already presides over two of the five Note Cases, as well as five additional cases arising out of the Highland Bankruptcy.

### III.   CONCLUSION

Defendants respectfully request that Plaintiff-Debtor's Motion to Consolidate be denied, and that Plaintiff-Debtor's gratuitous briefing be ignored because there is agreement on the only consolidation issue in immediate prospect -- review of the anticipated Bankruptcy Court Reports and Recommendations on Debtor's yet to be filed motions for summary judgment -- and there is no need to address consolidation for trial at this time.

Dated: December 10, 2021

Respectfully submitted,

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com
**ATTORNEYS FOR JAMES DONDERO, NANCY DONDERO, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC. AND NEXPOINT REAL ESTATE PARTNERS, LLC**

      */s/Clay M. Taylor*
Clay M. Taylor
State Bar No. 24033261
Bryan C. Assink
State Bar No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com
**ATTORNEYS FOR JAMES DONDERO**


*/s/Daniel P. Elms*
Daniel P. Elms
State Bar No. 24002049
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
(214) 665-3600 telephone
(214) 665-3601 facsimile
Email: elmsd@gtlaw.com
**ATTORNEYS FOR NANCY DONDERO**

*/s/Douglas S. Draper*
Douglas S. Draper (La. Bar No. 5073)
Leslie A. Collins (La. Bar No. 14891)
Greta M. Brouphy (La. Bar No. 26216)
HELLER, DRAPER & HORN, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130
(504) 299-3300 telephone
(504) 299-3399 facsimile
Email: ddraper@hellerdraper.com
Email: lcollins@hellerdraper.com
Email: gbrouphy@hellerdraper.com
**ATTORNEYS FOR THE DUGABOY INVESTMENT TRUST**

                                                                      */s/Davor Rukavina*
                                                                      Davor Rukavina
                                                                      Julian P. Vasek
                                                                      MUNSCH HARDT KOPF & HARR, P.C.
                                                                      500 N. Akard Street, Suite 3800
                                                                      Dallas, Texas 75202-2790
                                                                      (214) 855-7500 telephone
                                                                      (214) 978-4375 facsimile
                                                                      Email:  drukavina@munsch.com

                                                                      **ATTORNEYS FOR NEXPOINT ADVISORS, L.P. AND HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that, on December 10, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties who are registered to receive notices in this case.

                                                                     /s/ *Deborah Deitsch-Perez*
                                                                      Deborah Deitsch-Perez