Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email:  drukavina@munsch.com

ATTORNEYS FOR NEXPOINT ADVISORS, L.P.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>Defendants. | Civil Proceeding No.<br><br>3:21-cv-01010-E |

**OBJECTION OF NON-PARTY HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. TO PLAINTIFF'S MOTION TO CONSOLIDATE NOTE CASES AND BRIEF IN SUPPORT THEREOF**

TO THE HONORABLE ADA BROWN, U.S. DISTRICT JUDGE:

COMES NOW Highland Capital Management Fund Advisors, L.P. ("HCMFA"), a non-party to this civil proceeding but a party against whom relief is sought by Highland Capital Management, L.P. (the "Plaintiff") in its *Highland Capital Management, L.P.'s Motion to Consolidate Notes Actions* (the "Motion"), and files this its *Objection of Non-Party Highland*

*Capital Management Fund Advisors, L.P. to Plaintiff's Motion to Consolidate Note Cases and Brief In Support Thereof* (the "Objection"), respectfully stating as follows:

## I. SUMMARY

1. Nonparty HCMFA objects to the Motion because the claims, facts, and defenses in the HCMFA Case are fundamentally different from those in other cases the subject of the Motion.[1] HCMFA's primary defenses are that it did not sign the HCMFA Notes, that it is not the maker under those notes, and that those notes were executed, if at all, in error. None of the other cases involve these issues. Conversely, the HCMFA Case does not involve the main defenses in the other cases, including the Debtor's negligence in causing the default, that the notes were prepaid, that the alleged defaults were cured and reinstated, and that the notes are subject to an oral agreement whereby they are forgivable upon the occurrence of a condition subsequent. Nor does the HCMFA Case involve claims for fraudulent transfer and breach of fiduciary duty, unlike the other cases. Thus, the HCMFA Case does not involve common facts, issues, claims, or defenses. Trying the HCMFA Case with the other cases will only confuse the jury and will prejudice HCMFA. It will not aid judicial efficiency and will only increase the costs and burdens for all involved. The Court should therefore deny the Motion with respect to the HCMFA Case.

## II. BACKGROUND

2. On January 22, 2021, the Plaintiff filed its original complaint against HCMFA, thereby initiating Adversary Proceeding No. 21-03004 pending before the Bankruptcy Court (the "HCMFA Case"). *See* HCMFA APP 1-20.[2]

---

[1] HCFMA joined in a multi-party response to the Motion [docket no. 16] pointing out, among other things, that the Motion is procedurally defective because it has been filed before the wrong Judge. This Objection raises substantive issues unique to HCMFA.

[2] The *Appendix of Non-Party Highland Capital Management Fund Advisors, L.P. In Opposition to Plaintiff's Motion to Consolidate Note Cases*, filed concurrently herewith, is cited to herein as HCMFA APP.

OBJECTION OF NON-PARTY HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. TO PLAINTIFF'S MOTION TO CONSOLIDATE NOTE CASES AND BRIEF IN SUPPORT THEREOF —Page 2

3. HCMFA timely answered the Plaintiff's complaint and, among other things, asserted its right to a trial by jury. *See* HCMFA APP 21-27. HCMFA subsequently amended its answer. *See* HCMFA APP 28-36.

4. After HCMFA moved to withdraw the reference of the HCMFA Case, thereby initiating Civil Case No. 3:21-cv-00881-X, the Honorable Brantley Starr entered an order concluding that the reference of the HCMFA Case will be withdrawn once the Bankruptcy Court certifies that the case is trial ready. *See* HCMFA APP 37-38. In so doing, Judge Starr necessarily agreed with the Bankruptcy Court that HCMFA had not waived its jury rights.

5. The HCMFA Case involves two demand promissory notes allegedly executed by HCMFA: a promissory note dated May 2, 2019 in the original principal amount of $2.4 million and a promissory note dated May 3, 2019 in the original principal amount of $5 million (the "<u>HCMFA Notes</u>"). *See* HCMFA APP 10-14. By the HCMFA Case, the Debtor seeks recovery on the HCMFA Notes.

6. Of interest, while HCMFA is defined as the "maker" in each of the HCMFA Notes, each of those notes is signed as follows by Frank Waterhouse, an officer of HCMFA:

**MAKER:**

_____
FRANK WATERHOUSE

HCMFA APP 11 & 14.

7. Thus, one of HCMFA's defenses is that Waterhouse is the maker and not HCMFA, since Waterhouse did not purport to sign the notes in a representative capacity for HCMFA. *See* HCMFA APP 34 at ¶ 43. This is a principle recognized in the governing Texas Uniform Commercial Code. *See* Tex. Bus. & Comm. Code Ann. § 3.402(b).

8. Indeed, as discovery has shown, Waterhouse did not actually sign the notes, as they are signed electronically, and Waterhouse apparently did not authorize Kristine Hendrix (who electronically signed his name) to affix his electronic signature to the HCMFA Notes. That is another one of HCMFA's defenses. *See* HCMFA APP 47-60 at ¶¶ 13-38.

9. HCMFA's main defense, however, is that the HCMF Notes are a mistake. HCMFA is a registered advisor under the Investment Advisers Act of 1940. *See* HCMFA APP 32 at ¶ 38. As such, HCMFA advises and manages various funds, containing third-party investments. *See id*. HCMFA, however, at all times had a skeleton staff. Accordingly, pursuant to a Shared Services Agreement, HCMFA contracted with the Plaintiff, for pay, for the Plaintiff to provide various valuation services to HCMFA as it advises various funds. *See* HCMFA APP 32 at ¶ 39. These services included valuation services. *See id*. The Plaintiff made a mistake relating to a valuation issue for one of those funds, Highland Global Allocation Fund, and specifically the valuation of TerreStar (the "NAV Error"). *See* HCMFA APP 33-34 at ¶¶ 40-47. The NAV Error led to liability at HCMFA of $7.4 million to the underlying fund. *See* HCMFA APP 33 at ¶¶ 41-42. It is HCMFA's position that this was the Plaintiff's liability under the Shared Services Agreement, as the Plaintiff breached the standard of care and its duties as specified in the agreement. *See* HCMFA APP 33 at ¶ 42. Soon thereafter, the Plaintiff transferred these sums ($7.4 million) to HCMFA. *See* HCMFA APP 34 at ¶¶ 44-45. This was done at the direction of Mr. Dondero, who believed that it was proper for Highland to transfer these funds to compensate HCMFA for Highland's valuation error, and not as a loan from the Debtor to HCMFA.

10. This is when the errors and assumptions began: the Plaintiff's (and HCMFA's) Chief Financial Officer, Frank Waterhouse, perhaps assumed that, when Mr. Dondero told him to transfer the funds, it was a loan, even though Mr. Dondero never told him that it was a loan; the Debtor's controller, David Klos, when told to transfer the funds by Mr. Waterhouse, assumed that

this was a loan and assumed that promissory notes should be prepared; and Kristin Hendrix, Mr. Klos' subordinate, prepared the Notes as instructed by Mr. Klos, and purported to electronically sign Mr. Waterhouse's name to the Notes. *See* HCMFA APP 46-47 at ¶¶ 10-11. All of these individuals, in the accounting group and not the legal group, simply assumed that funds flowing from the Plaintiff to HCMFA must be loans, and therefore that the loans must be "papered up" for accounting and audit purposes, as had been done many, many times in the prior fifteen years. *See id*.

11. Thus, HCMFA asserts that the HCMFA Notes were prepared and executed in mistake, if executed at all, because the funds flowing from the Plaintiff to HCMFA represented compensation to HCMFA for the Plaintiff having caused $7.4 million in liabilities with its NAV Error, as opposed to a loan from the Plaintiff to HCMFA. Obviously, now is not the time to address the merits of this defense, and the Plaintiff certainly has its counterarguments to this defense. But, it is necessary for the Court to understand the above defenses and affirmative defenses as it considers the question of consolidation.

12. Conversely, various of the other note cases involve different facts patterns. The Plaintiff's case against NexPoint Advisors, L.P. ("NexPoint"), HCMFA's affiliate, aptly demonstrates these differences:

- (i) the NexPoint note is a term note and not a demand note, and where the alleged default was the failure to make a December 31, 2020 annual installment; *see* HCMFA APP 71-72;

- (ii) NexPoint has asserted that the Plaintiff, pursuant to a separate shared services agreement with NexPoint, was negligent because its employees were required, under that agreement, to facilitate the annual payment; *see* HCMFA APP 94 at ¶ 80;

- (iii) NexPoint has asserted that it had prepaid the annual payment such that none was due and owing; *see* HCMFA APP 94 at ¶ 82;

 (iv) NexPoint has asserted that, when it made the annual payment on January 13, 2021, its note was cured and reinstated; *see id*; and

 (v) NexPoint has asserted that its promissory note was subject to an oral condition subsequent whereby, upon the occurrence of a certain event, the note would be forgiven. *See* HCMFA APP 94 at ¶ 83.

13. Indeed, the Debtor concedes that this last issue is not present with respect to HCMFA. *See* Debtor Memorandum at ¶ 43.

14. Moreover, and unlike the HCMFA Case, these other cases, such as the NexPoint case, involve:

 (i) claims by the Plaintiff for fraudulent transfer, *see* HCMFA APP at 76-78 at ¶¶ 56-65;

 (ii) claims by the Plaintiff for breach of fiduciary duty, *see* HCMFA APP 79-80 at ¶¶ 71-79; and

 (iii) claims against other non-obligor defendants, including James Dondero, Nancy Dondero, and the Dugaboy Investment Trust. *See* HCMFA APP 78-80 at ¶¶ 67-79.

15. Therefore, not only does the HCMFA Case involve a different set of facts, defenses, and affirmative defenses, but the HCMFA Case does not involve alleged claims for fraudulent transfer, breach of fiduciary duty, and aiding and abetting against various defendants who are not even parties to the HCMFA Case.

### III. ARGUMENTS AND AUTHORITIES

16. Before addressing consolidation under Rule 42(a), HCMFA finds it appropriate to address a repeated argument of the Plaintiff:

> the HCMFA Notes are inextricably linked to the facts and circumstances of the claims and defenses concerning the balance of the Notes. Indeed, HCMFA implicitly admitted as much by signing its own Discovery Stipulation whereby it agreed – with every other Defendant – to coordinate and use all discovery in all of the Adversary Proceedings. Based on that agreement, counsel to HCMFA vigorously examined every adverse witness, including Mr. Waterhouse, Mr. Seery, Mr. Klos, and Ms. Hendrix, even though counsel for the other Defendants did so as well.

Debtor Memorandum at ¶ 43.

17. That HCMFA agreed to participate in consolidated discovery, when the Plaintiff raised not even a hint of substantive consolidation, should not be held against HCMFA. HCMFA acted reasonably to streamline discovery and to minimize burdens and expense. HCMFA should not be prejudiced by its reasonableness, lest every litigant learn the lesson that cooperation will equal future prejudice.

18. The Plaintiff has correctly briefed the applicable standards under Rule 42(a). The Plaintiff has also correctly briefed that the "threshold requirement" when considering consolidation is whether the cases involve common questions of fact or law. However, "[c]onsolidation is improper if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp. Inc. v. Hosp. Serv. Ass'n of New Orleans Inc.*, 712 F.2d 978, 989 (5th Cir. 1983).

19. The HCMFA Case does not involve the same facts, arguments, and legal principles. Other than HCMFA allegedly being obligated to the Plaintiff on two promissory notes and HCMFA being affiliates of the other defendants, the HCMFA Case involves the following fundamental claims and defenses:

    (i)    The HCMFA Notes are demand notes, while others are term notes.

    (ii)    The HCMFA Notes are signed by Waterhouse as Maker.

    (iii)    HCMFA has denied that Waterhouse signed the HCMFA Notes at all, and there is evidence to support this defense.

    (iv)    HCMFA has asserted that the HCMFA Notes were executed, if executed at all, in error, because, while Waterhouse was instructed to transfer the underlying funds from the Plaintiff to HCMFA, he was never instructed that the transfer be a loan and it was Waterhouse's subordinates who assumed that the transfers were a loan.

20. Likewise, the HCMFA Case does <u>not</u> involve the following facts, claims and defenses as asserted in the other cases:

    (i)    HCMFA has not asserted that it prepaid the HCMFA Notes.

  (ii)  HCMFA has not asserted that subsequent payments on the HCMFA Notes reinstated the notes and cured any default.

  (iii)  HCMFA has not asserted that there was an oral agreement regarding the HCMFA Notes by which they would be forgiven upon the occurrence of a condition subsequent.

  (iv)  The Debtor has not asserted fraudulent transfer claims against HCMFA.

  (v)  The Debtor has not asserted breach of fiduciary duty or aiding and abetting claims in the HCMFA Suit.

  (vi)  James Dondero, Nancy Dondero, and the Dugaboy Investment Trust are not parties to the HCMFA Case.

21.  Accordingly, the jury in the HCMFA Case will be asked to decide wholly different issues from those in the other cases. None of the other cases involve the fundamental question of whether those notes were even signed in the first instance, who the maker is, and whether the notes were executed by mistake, and none of the involve allegations of fraudulent transfer and breach of fiduciary duty.

22.  And, there is a real danger of prejudice to HCMFA. In the other cases, the notes are valid, although there are multiple defenses. The jury will be hard pressed to understand HCMFA's defense that the HCMFA Notes are not valid, as it is also reviewing various other notes that do not involve the fundamental question of validity. In other cases, the notes are not a mistake. The jury will be hard pressed to understand HCMFA's defense that the HCMFA Notes were executed by mistake, as it is reviewing various other notes executed by affiliates that were not executed in error. In the other cases—involving multiple notes of larger magnitude—the jury will focus on negligence, cure, and forgiveness. The jury will also consider claims for fraudulent transfer and breach of fiduciary, involving some of the same persons who are likely to be witnesses in the HCMFA Case. With so many parties and issues already on their plate, the jury will be less likely to devote the attention needed to HCFMA's all-together different defenses and the jury may

be colored or prejudice against HCMFA on account of the claims for fraudulent transfer and breach of fiduciary duty made against HCMFA's affiliates. And, in order to understand HCMFA's main defense of mistake, the jury will necessarily have to understand the NAV Error in detail, something that itself will require significant attention and is not present in any of the other cases.

23. Nor would consolidation promote judicial efficiency or the parties' resources. From HCMFA's perspective, its costs will be greatly increased, as it and its counsel would have to participate in many additional days of trial not directly involving it, while the other defendants present their evidence and argument, and while the Plaintiff presents its claims on fraudulent transfer and breach of fiduciary duty. The Court and all counsel will have to devote significant additional resources to preparing a proper jury charge and presenting evidence. Witnesses, while they may be spared two trips to the court house, will still have to testify as to all facts concerning all defendants.

24. All parties, the Court's resources, the burdens on the jury, and fundamental issues of fairness to HCMFA strongly support the conclusion that the HCMFA Case should not be consolidated with the remaining note cases—that is, if the cases even involve common facts and issues of law, which they do not.

## IV.   PRAYER

WHEREFORE, PREMISES CONSIDERED, HCMFA respectfully requests that the Court deny the Motion with respect to any requested consolidation of the HCMFA Case for trial, and that the Court grant HCMFA such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED this 16th day of December, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Julian P. Vasek, Esq.
    Texas Bar No. 24070790
    3800 Ross Tower
    500 N. Akard Street
    Dallas, Texas 75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584
    Email: drukavina@munsch.com

**COUNSEL FOR HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 16th day of December, 2021, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on the Plaintiff through its counsel of record.

/s/ Davor Rukavina
Davor Rukavina