PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         rfeinstein@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| Plaintiff, | § | |
| vs. | § | Adv. Proc. No. 21-03003-sgj |
| JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | Case No. 3:21-cv-01010-E |
| Defendants. | § | |

-----------------------------------------------------------------

HIGHLAND CAPITAL MANAGEMENT, L.P.,  §
                                    §
                                    §
            Plaintiff,              §      Adv. Proc. No. 21-3004-sgj
                                    §
vs.                                 §
                                    §
                                    §      Case No. 3:21-cv-00881-X
HIGHLAND CAPITAL MANAGEMENT FUND    §
ADVISORS, L.P.,                     §
                                    §
                                    §
            Defendant.              §
                                    §
-----------------------------------------------------------------
HIGHLAND CAPITAL MANAGEMENT, L.P.,  §
                                    §
                                    §
            Plaintiff,              §      Adv. Proc. No. 21-3005-sgj
                                    §
vs.                                 §
                                    §
NEXPOINT ADVISORS, L.P., JAMES      §      Case No. 3:21-cv-00880-C
DONDERO, NANCY DONDERO, AND         §
THE DUGABOY INVESTMENT TRUST,       §
                                    §
                                    §
            Defendants.             §
-----------------------------------------------------------------
HIGHLAND CAPITAL MANAGEMENT, L.P.,  §
                                    §
                                    §
            Plaintiff,              §      Adv. Proc. No. 21-3006-sgj
                                    §
vs.                                 §
                                    §
HIGHLAND CAPITAL MANAGEMENT         §      Case No. 3:21-cv-01378-N
SERVICES, INC., JAMES DONDERO,      §
NANCY DONDERO, AND THE DUGABOY      §
INVESTMENT TRUST,                   §
                                    §
            Defendants.
-----------------------------------------------------------------

HIGHLAND CAPITAL MANAGEMENT, L.P.,      §
                                        §
                                        §
                                        §      Adv. Proc. No. 21-3007-sgj
                        Plaintiff,      §
                                        §
vs.                                     §
                                        §      Case No. 3:21-cv-01379-X
HCRE PARTNERS, LLC (n/k/a NexPoint      §
Real Estate Partners, LLC), JAMES       §
DONDERO, NANCY DONDERO, AND             §
THE DUGABOY INVESTMENT TRUST,           §
                                        §
                                        §
                        Defendants.     §
                                        §

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S REPLY WITH RESPECT TO
MOTION TO CONSOLIDATE NOTES ACTIONS**

Highland Capital Management, L.P., the reorganized debtor ("Highland" or "Plaintiff"),
hereby files this reply (i) in further support of its *Motion to Consolidate Notes Actions* (the "First
Consolidation Motion") and (ii) in opposition to Defendants' competing motion to consolidate.  In
furtherance thereof, Plaintiff states as follows:

## I.    PRELIMINARY STATEMENT[1]

1.    In the First Consolidation Action, Plaintiff asked Judge Brown to (a) rule on the
Motion as the Court to which the "first filed" Adversary Proceeding was removed, and (b) use that
authority to consolidate the Notes Actions before her.  Plaintiff cited applicable Fifth Circuit
precedent concerning the "first filed" rule and included a fulsome record in anticipation of
Defendants' collective opposition.

2.    Before filing the First Consolidation Motion, Plaintiff abided by Local Rule 7.1 and
conferred with Defendants' counsel for the sole purpose of determining whether Defendants were
"opposed" or "unopposed" to the Motion.  After five days, Defendants made a proposal that was
unacceptable to Plaintiff, so Plaintiff filed the First Consolidation Motion.

3.    Rather than simply oppose the Motion, or even file a cross-motion, Mr. Dondero
and the entities he controls responded to the First Consolidation Motion by doing what they do
best: ignoring rules and prior orders of this Court and generally creating havoc for all involved by
filing a competing but improper motion to consolidate (the "Second Motion to Consolidate").[2]

---

[1] Capitalized terms used in this Preliminary Statement shall have the meanings ascribed to them in *Highland Capital
Management, L.P.'s Memorandum of Law in Support of Motion to Consolidate Notes Action* (the "Brief").

[2] *See* 3:21-cv-01010-E (the "Dondero DC Action"), Docket Nos. 13-15; 3:21-cv-0880-C (the "NexPoint DC Action"),
Docket Nos 11-13; 3:21-cv-0881-X (the "HCMFA DC Action"), Docket Nos 16-18; 3:21-cv-01378-N (the "HCMS
DC Action"), Docket Nos. 16-18; and 3:21-cv- 01379-X (the "HCRE DC Action"), Docket Nos 15-17.  The foregoing
District Court actions are collectively referred to as the "District Court Actions."

4.      The Defendants' Second Motion to Consolidate and Responses[3] should be denied and overruled for at least the following reasons:

- While Defendants consent to the consolidation of four (4) of the cases for trial, they ask that all cases be consolidated before Judge Starr "*for all purposes other than trial*," apparently ignoring four separate Orders of this Court adopting the Reports and Recommendations of the Bankruptcy Court; and

- HCMFA opposes consolidation on the ground that it has a "unique" defense, but completely ignores that facts that (a) the HCMFA Notes are the same as all of the other Notes at issue, (b) Plaintiff's causes of action are the same, (c) the trial of HCMFA's Mistake Defense will require the same witnesses (most of whom are non-party witnesses) to testify, and (d) Plaintiff will rely on the same documents and evidence to "disprove" HCMFA's Mistake Defense as it will to "disprove" the Defendants' other affirmative defenses.[4]

5.      While Plaintiff believed (and continues to believe) that applicable Fifth Circuit law mandated the consolidation of the Notes Cases before Judge Brown, Plaintiff is aware that Judge Brown and Judge Cummings have each subsequently assigned their respective Notes Cases to Judge Starr.  Nevertheless, the Court must still determine Plaintiff's motion to have *all* of the cases – including the case against HCMFA – consolidated, albeit subject to the previously issued orders adopting the Reports and Recommendations.  Given the lack of substantive opposition to that branch of the First Consolidation Motion, the Court should consolidate all of the Notes Cases for trial before one court.

---

[3] In addition to filing the Second Consolidation Motion, certain Defendants also filed Responses to the First Consolidation Motion.  *See, e.g.*, Dondero DC Action, Docket No. 16.

[4] As can be shown, Defendants' counsel (a) violated Local Rule 7.1 by failing to confer with Plaintiff over its intent to file the Second Consolidation Motion (Defendants' counsel *never* disclosed its intent to file the motion, let alone complied with Local Rule 7.1) and (b) improperly presented only part of the parties' written communications in support of the Second Consolidation Motion.  This conduct is disturbing, but Plaintiff will not burden the Court with these issues unless the Court deems them relevant.  Plaintiff reserves the right to challenge Defendants' grossly misleading presentation and false Certification of Conference when, as, and if necessary and appropriate.

2

## II.   RELEVANT BACKGROUND

### A.   The Competing Motions

6.      On December 7, 2021, Plaintiff filed the First Consolidation Motion.[5]

7.      In its First Consolidation Motion, Plaintiff (a) asserted that the Dondero DC Action should be deemed the "first filed" because there was no dispute that Plaintiff's Adversary Proceeding against Mr. Dondero was the "first filed" action, (b) asked Judge Brown to determine the First Consolidation Motion since the Dondero Action was withdrawn to her court, and (c) sought to have all of the Notes Actions consolidated based on the facts and applicable law.  *See generally* HCMFA DC Action Docket No. 19, Ex. B.

8.      Plaintiff set forth the factual and legal bases for its First Consolidation Motion in its accompanying brief and appendix.[6]

9.      On December 2, 2021, pursuant to Local Rule 7.1, Plaintiff's counsel asked Defendants' counsel whether Defendants were "opposed or unopposed to such motion."  Morris Dec. Ex. A.

10.     As set forth in more detail below, on December 7, 2021, Plaintiff filed the First Consolidation Motion after Defendants' counsel refused to consent to the relief Plaintiff intended to seek.

11.     Rather than opposing the First Consolidation Motion, or cross-moving for different relief, Defendants filed the Second Consolidation Motion with ***no*** notice to Plaintiff.

---

[5] *See* Dondero DC Action, Docket No. 10; NexPoint DC Action, Docket No. 14, Ex. A; HCMFA DC Action, Docket No. 19, Ex. A; HCMS DC Action, Docket No. 20, Ex. A; and HCRE DC Action, Docket No. 18, Ex. A.

[6] Dondero DC Action, Docket Nos. 11 (brief), 12 (appendix); NexPoint DC Action, Docket No. 14, Ex. B (brief); HCMFA DC Action, Docket No. 19, Ex. B (brief); HCMS DC Action, Docket No. 20, Ex. B (brief); and HCRE DC Action, Docket No. 18, Ex. B.

12.     In the Second Consolidation Motion, Defendants (a) seek to consolidate the Dondero DC Action, the NexPoint DC Action, the HCMS DC Action, and the HCRE DC Action before Judge Starr "for all purposes" and (b) defer a determination on whether the HCMFA DC Action should be consolidated.

**B.     The Second Consolidation Motion Appears to Ignore Multiple Court Orders**

13.     In the Second Consolidation Motion, Defendants ask the Court to "consolidate the Note Cases into 3:21-cv-00881, to be heard by the Honorable Judge Starr for all purposes other than trial, and additionally to consolidate all of the cases other than Case No. 3:21-cv-00881-X for trial."[7]

14.     These requests are unclear.  If Defendants seek to modify, limit, or otherwise impair any aspect of the R&Rs, such requests are improper and must be denied as having no basis in law or fact.

15.     Between April and June 2021, the Defendants each filed a similar motion to withdraw the reference (the "Motions to Withdraw")[8] in which the Defendants sought to withdraw the Adversary Proceedings from the Bankruptcy Court to the District Court.

16.     In July 2021, the Bankruptcy Court issued *Reports and Recommendations* (the "R&Rs") to the District Court recommending that the Motions to Withdraw be granted, but that the Bankruptcy Court retain the cases for all pre-trial matters, including the consideration (but not determination) of any dispositive motions.[9]

---

[7] Dondero DC Action, Docket No. 13 at 1; NexPoint DC Action, Docket No. 11 at 1; HCMFA DC Action, Docket No. 16 at 1; HCMS DC Action, Docket No. 1 at 1; and HCRE DC Action, Docket No. 15 at 1.

[8] *See* Dondero Action, Docket No. 21; HCMFA Action, Docket No. 20; NexPoint Action, Docket No. 19; HCMS Action, Docket No. 19; HCRE Action, Docket No. 20.

[9] *See* Dondero Action, Docket No.  67; HCMFA Action, Docket No. 50; NexPoint Action, Docket No. 40; HCMS Action, Docket No. 47; and HCRE Action, Docket No. 44.

DOCS_NY:44796.2 36027/003

17.     While the R&Rs were customary and "plain vanilla," Defendants forced Plaintiff and the various District Courts to address their so-called "limited objections" that contained extensive argument, accusations of judicial misconduct, and a voluminous record that included items such as expert reports; indeed, HCMS filed a "motion for reconsideration" because Judge Godbey adopted the R&R before HCMS filed its "limited objection."[10]

18.     The applicable District Court subsequently adopted the Bankruptcy Court's R&Rs in the NexPoint Action (Judge Cummings), the HCMS Action (Judge Godbey), the HCRE Action (Judge Starr), and the HCMFA Action (Judge Starr), although the decision on the R&R in the Dondero Action remains pending.[11]

19.     The parties and the Bankruptcy Court have been operating in accordance with the Pending Orders.  Indeed, Plaintiff recently filed a Motion for Partial Summary Judgment in accordance with a schedule adopted by the Bankruptcy Court.  Defendants' opposition is due on January 17, 2022.  Plaintiff's reply is due on January 31, 2022.  Oral argument has been scheduled for March 8, 2022.

20.     Thus, if Defendants seek to either ignore the Pending Orders or to re-visit them, the request must be denied.  If, on the other hand, Defendants seek to consolidate all cases subject to the R&Rs, Plaintiff has no objection.

---

[10] *See* Dondero DC Action, Docket Nos. 3 (limited objection), 4 (appendix) and 5 (Plaintiff's opposition); NexPoint DC Action, Docket No. 9 (limited objection); HCMFA DC Action, Docket Nos. 5 (limited objection) and 9 (Plaintiff's opposition); HCMS DC Action, Docket Nos. 5 (original order adopting R&R), 6 (limited objection), 7 (appendix), 8 (motion to reconsider) and 13 (Plaintiff's opposition); and HCRE DC Action, Docket Nos. 5 (limited objection), 6 (appendix) and 12 (Plaintiff's opposition).

[11] *See* HCMFA Action, Docket No. 14; NexPoint Action, Docket No. 10; HCMS Action, Docket Nos. 5 and 15; and HCRE Action, Docket No. 14 (collectively, the "Pending Orders").

C.     **The HCMFA DC Action Should Be Consolidated with the Others**

21.     In the First Consolidation Motion, Plaintiff proffered extensive facts and argument in support of its request to consolidate all of the Notes Action, including the HCMFA DC Action, into one action.   First Consolidation Motion ¶¶ 13-20, 40-48, and 59-70.   HCMFA goes to extensive lengths to argue that it has a defense that is "unique" but that is beside the point.   There is no dispute that:

- the HCMFA Notes are substantively the same as all other Demand Notes at issue (First Consolidation Motion ¶¶13-14);

- the borrowers and the lender (Plaintiff) under each of the Notes, including the HCMFA Notes, were owned and controlled by Mr. Dondero at the time the Notes were executed (First Consolidation Motion ¶¶ 16-17);

- Plaintiff's causes of action against each of the obligors are exactly the same (First Consolidation Motion ¶¶ 19-20);

- the primary witnesses in the HCMFA DC Action (Mr. Dondero, Mr. Waterhouse, Mr. Seery, Mr. Klos, and Ms. Hendrix) are all likely to testify in all of the Notes Actions (First Consolidation Action ¶ 42);

- the parties previously agreed to consolidate discovery in all of the Notes Cases precisely because of the overlapping legal issues, witnesses, and documents, and that's exactly what has occurred (First Consolidation Action ¶¶ 34-36, 43;

- Plaintiff intends to offer much of the same documentary and testimonial evidence to rebut all of the Defendants' affirmative defenses, including the HCMFA Mistake Defense (First Consolidation Motion ¶ 44); and

- Motions in the bankruptcy court are all being coordinated in a unified fashion (First Consolidation Motion ¶¶ 46-48).

22.     Based on the forgoing, and for the reasons set forth in the First Motion to Consolidate, the HCMFA DC Action should be consolidated with the other Notes Actions (i) for reasons of judicial efficiency and economy; (ii) to avoid having the same witnesses appear multiple times (particularly non-party witnesses such as Mr. Waterhouse, Mr. Seery, Mr. Klos, and Ms.

Hendrix); (iii) to avoid forcing Plaintiff to put on much of the same case more than once; and (iv) to avoid inconsistent results.[12]

## **CONCLUSION**

WHEREFORE, Highland respectfully requests that the Court (i) consolidate all of the Notes Actions before this Court, subject to the R&Rs, (ii) deny the Second Motion to Consolidate (except for that branch of the Motion seeking consolidation before Judge Starr), and (iii) grant Plaintiff such other and further relief as the Court deems just and proper.

---

[12] Without argument or explanation, the other Defendants simply ask that the Court "defer" the issue of whether to consolidate the HCMFA DC Action with the others until after the Bankruptcy Court issues its R&R on Plaintiff's motion for partial summary judgment.

DOCS_NY:44796.2 36027/003

Dated:  December 27, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

8